DCP:DG/NJM
F. #2018R02161

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

LEE COHEN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. 22-209 (KAM)
(T. 18, U.S.C., §§ 371, 1956(h),
981(a)(1)(C), 982(a)(1), 982(b)(1) and
3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C. §2461(c))

THE UNITED STATES ATTORNEY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Commit Money Laundering)

1. In or about and between July 2018 and June 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LEE COHEN, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which transactions involved property represented by a person at the direction of, and with the approval of, a federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, specifically, fraud in the sale of securities, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the

proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(3)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT TWO
(Conspiracy to Commit Securities Fraud)

2. In or about and between July 2017 and February 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LEE COHEN, together with others, did knowingly and willfully conspire to use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors and potential investors in HD View 360, Inc. ("HDVW"), in connection with the purchase and sale of investments in HDVW, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

3. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant LEE COHEN, together with others, committed and caused the commission of, among others, the following:

## OVERT ACTS

(a) On or about August 28, 2017, Co-Conspirator 1, an individual whose identity is known to the United States Attorney, sold approximately 1,800 HDVW shares in nine separate transactions.

(b) On or about September 1, 2017, Co-Conspirator 1 sold approximately 2,250 HDVW shares in five separate transactions.

(c) On or about October 19, 2017, Co-Conspirator 1 wired COHEN approximately $5,300 as a payment for COHEN's participation in the conspiracy.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

4. The United States hereby gives notice to the defendant LEE COHEN that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

6. The United States hereby gives notice to the defendant charged in Count Two that, upon his conviction of such offense, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from, proceeds obtained directly or indirectly as a result of such offense.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant charged in Count Two:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2018R02161
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

LEE COHEN,

Defendant.

## INFORMATION
(T. 18, U.S.C., §§ 371, 1956(h), 981(a)(1)(C), 982(a)(1), 982(b)(1) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C. §2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
*Clerk*

Bail, $ _____

*David Gopstein and Nicholas J. Moscow, Assistant U.S. Attorneys*
*(718) 254-6153/6212*